IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALLSTATE INSURANCE COMPANY                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 5:10-cv-190(DCB)(JMR)

JAMES AND JOY YATES                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants James and Joy Yates' ("the Yateses") motion to dismiss **(docket entry 10)** the complaint for declaratory judgment under the doctrine of abstention pursuant to Fed.R.Civ.P. 12; and on the plaintiff Allstate Insurance Company ("Allstate")'s motion for summary judgment **(docket entry 17)**.  Having carefully considered the motions and responses, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

This is a declaratory judgment action filed by the plaintiff, Allstate.  Its insured, the Yateses, expressly invited Brenda Williams' ("Williams") daughter, Jerbrea Powell ("Powell"), to their residence for piano lessons.  Williams took her daughter to the residence and waited for the lesson to end.  At the conclusion of the lesson, Williams and Powell were walking toward their vehicle when Williams fell on an uneven portion of the Yateses' yard.  Williams filed suit against the Yateses in the Circuit Court of Yazoo County, Mississippi, alleging that the Yateses were negligent in their duty to maintain a reasonably safe environment

at their home for persons such as Williams.

The Yateses were insured by an Allstate Deluxe Homeowners ("ADH") policy issued by Allstate prior to Williams' injury.  In its declaratory judgment complaint, Allstate alleges that the ADH policy "does not cover any liability for personal injury arising from business pursuits or activities." Complaint, ¶ 12.  Allstate defines business in the ADH policy as "any full or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes."  Id.  Therefore, Allstate alleges that Williams' claims "have allegedly occurred during the course of [the Yateses'] business pursuit of piano lessons", thereby excluding coverage.  Complaint, ¶ 13.

The Yateses move to dismiss Allstate's complaint on abstention grounds.  The Declaratory Judgment Act provides that the Court "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration ...."  28 U.S.C. § 2201(a)(emphasis added).  The Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  Thus, a district court possesses "broad discretion to grant (or decline to grant) declaratory judgment."  Id. at 281.  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their

jurisdiction yields to considerations of practicality and wise judicial administration." <u>Id</u>. at 288.  The Supreme Court has stated that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues ... between the same parties."  <u>Brillhart v. Excess Insurance Co. of America</u>, 316 U.S. 491, 495 (1942).

"[T]he propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power."  <u>Wilton</u>, 515 U.S. at 287.  The Fifth Circuit has identified several factors which should be considered by a district court in determining how to exercise its discretion in a declaratory judgment action: (1) whether there is a pending state action in which all of the matters in controversy can be fully litigated; (2) whether the plaintiff filed in anticipation of a lawsuit by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties

and entered by the court before whom the parallel state suit between the same parties is pending. St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994). "These factors are not exhaustive, mandatory or exclusive." Colony Ins. Co. v. Wayne's World Tubing and Canoeing, LLC, 2007 WL 4547498 *4 (E.D. La. Dec. 18, 2007)(citing Granite State Ins. Co. v. Tandy Corp., 986 F.2d 94 (5th Cir. 1992)). In Sherwin-Williams Co. v. Holmes County, 343 F.3d 383 (5th Cir. 2003), the Fifth Circuit noted that the Trejo factors are designed to address three primary considerations found in Brillhart: (1) proper allocation of decision-making between state and federal courts, (2) fairness, and (3) efficiency. Id. at 390.

The first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, favors abstention. "If [a] federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." Sherwin-Williams Co., 343 F.3d at 390-91. The Yateses filed a third-party complaint against Allstate that is currently pending in the underlying state court action. The third party complaint seeks a determination of the Yateses' and Allstate's rights and obligations under the ADH policy, and includes allegations of bad faith.

Allstate asserts that all matters presented in this federal

4

court action may not be fully litigated in the pending state court action and therefore should be severed because "there may be no mention of insurance or coverage at the trial of the personal injury slip and fall action ...." Allstate Brief, p. 3.  This argument is without merit.  The Yateses' third-party complaint in the state court was filed pursuant to Rule 57 of the Mississippi Rules of Civil Procedure, which was amended in 2000 to allow an injured third party to maintain a direct declaratory judgment action against a liability insurer, where the insurer has indicated that it may deny coverage of the injured party's claim.  Miss.R.Civ.P. 57(b).  "Such reviews of insurance contracts do not involve the jury and are often cursory. Accordingly, if a question of insurance coverage exists, a party should be able to bring the insurer into a lawsuit and have the coverage question resolved by a judge."  Boteler v. Pleko Southeast Corp., 2006 WL 1364387 *2 (S.D. Miss. 2006).  This method "simply promotes a judicial economy by allowing coverage questions to be resolved at the same time as an underlying suit; it does not allow the question to go to the jury" or to inform a jury who might have to satisfy a judgment.  Id.

    As for the second and third Trejo factors, Allstate simply states that it filed suit in anticipation of any lawsuit filed by the Yateses against them, and did not engage in forum shopping. Further, Allstate asserts that if there is any forum shopping, it

is by the Yateses in choosing to file allegations of bad faith in their third-party complaint in the state court action rather than file a compulsory counter-claim or a permissive counter-claim in the federal court action.  Allstate Brief, p. 3.  The Yateses assert that it is Allstate who has engaged in forum shopping as "Allstate clearly had grounds to intervene in the pending state court action to assert its coverage claim, but instead chose to file a separate action in federal court."  Defendants' Rebuttal Brief, p. 3.  The Court finds both of these factors neutral, keeping in mind that "declaratory judgments are not to be used defensively to deny a prospective plaintiff's choice of forums." Prudential Ins. Co. v. Doe, 140 F.3d 785, 790 (8th Cir. 1998).

Allstate asserts that "[t]here are no possible inequities against the [Yateses] in [the] Federal Court maintaining jurisdiction over this matter and deciding the declaratory judgment issues."  Allstate Brief, p. 3.  The Yateses counter that "[i]f this Court maintains jurisdiction over Allstate's declaratory judgment action, the Yateses will be forced to litigate the same facts in two separate cases."  Defendants' Rebuttal Brief, p. 3. The Court does not view the equities in this case as favoring either side, and the fourth factor is therefore neutral.

Under the fifth factor, whether the federal court is a convenient forum for the parties and witnesses, the Court finds that this factor slightly favors abstention.  The Yateses assert

that Jim Yates' failing health would make traveling outside of Yazoo City to attend court in this matter extremely difficult, if not impossible.  Defendants' Rebuttal Brief, p. 5.  The Court can not determine at this stage whether the Yateses would be required to appear before this Court.  Inasmuch as there is a possibility that Jim Yates' presence in federal court may be required, this factor slightly favors abstention.

As for the sixth factor, the Court finds that retaining the declaratory judgment action in federal court would not serve the purpose of judicial economy, but allowing the Yateses to seek a declaration in state court, and the resulting consolidation of claims, may avoid unnecessary litigation and reduce litigation costs.  See South Carolina Ins. Co. v. McKee, 2005 WL 1384652 *4 (N.D. Miss. June 9, 2005)("the instant litigation would be best served by the involvement of fewer, rather than more, courts").

Finally, the Court finds that the seventh factor is inapplicable.  Balancing all of the Trejo factors in light of the considerations in Brillhart and Wilton, the Court finds that abstention in favor of the Yazoo County Circuit Court action is proper.  The state trial court is in a better position to evaluate the factual issues than is the federal court, and there is a close nexus between the underlying factual and legal issues and state law and public policy.  This is particularly so since insurance contract interpretation is involved.  See Scottsdale Ins. Co. v.

Flowers, 513 F.3d 546, 561 (6th Cir. 2008). "District courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law." Travelers Indem. Co. v. Philips Elecs. N. Am. Corp., 2004 WL 193564 *2 (S.D. N.Y. Fed. 3, 2004). In Westfield Ins. Corp. v. Mainstream Capital Corp., 366 F.Supp.2d 519, 521 (E.D. Mich. 2005), the court stated:

> Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no per se rule prohibiting such actions in federal court ... "[s]uch actions ... should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem."

Id. at 521 (quoting Bituminous Cas. Corp. v. J & L Lumber Co., Inc., 373 F.3d 807, 812 (6th Cir. 2004)(additional citation omitted)).

The Court shall therefore grant the Yateses' motion to dismiss. The motion for summary judgment is moot. Accordingly,

IT IS HEREBY ORDERED that defendants James and Joy Yates' motion to dismiss **(docket entry 10)** is GRANTED, and a separate Final Order shall be entered, dismissing this case without prejudice;

FURTHER ORDERED that the plaintiff Allstate Insurance Company's motion for summary judgment **(docket entry 17)** is MOOT.

SO ORDERED, this the 10th day of June, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE